DUPARQUET, HUOT & MONEUSE COMPANY, Respondent, *v.* IRVING TRUST COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, May, 1934.

*Paul E. Mead* [*William A. Onderdonk* of counsel], for the appellant.

*Kelley & Connelly* [*John E. Connelly, Jr.,* of counsel], for the respondent.

PER CURIAM. The plaintiff was a depositor of defendant bank and on January 31, 1929, deposited with defendant for collection a number of items including a check drawn on a Florida bank by a customer of the plaintiff. The agreement of deposit between the parties provided that the defendant might use any Federal Reserve Bank for collections and that it was not to be responsible for the default or negligence of such Federal Reserve Bank or for losses in the course of collection excepting for its own acts. At the time this deposit was made the method employed by the defendant and other collecting banks to ascertain whether out of town banks were members of the Federal Reserve System was to refer to a semi-annual publication listing such members, to which publication monthly supplements indicating changes were issued. The list in use at the time of the instant deposit showed the drawee bank to be a member of the Federal Reserve System. Acting on such information defendant sent the check in question to the Federal Reserve Bank for collection and it was forwarded by that bank to Florida. Seven days thereafter it was returned to defendant by the Federal Reserve Bank with advice that the drawee bank was no longer a member of the Federal Reserve System. Apparently the drawee bank had withdrawn so recently that the change was not noted on the monthly list then current. Defendant on the day of the return of the check forwarded it to another correspondent bank in Florida for collection. By the time the second bank was able to present it the drawee bank had closed its doors. This closing did not occur until eleven days after the date of deposit.

Under the circumstances we see no ground for a finding of negligence on the defendant's part, if it be held responsible only for its own acts. To hold that it must make daily inquiries as to possible changes in membership of the Federal Reserve System would be imposing too great a burden on a collecting bank. We think that recourse to the monthly bulletin was the exercise of reasonable care, even though the methods pursued by the Federal Reserve Bank may have been dilatory. As defendant, by the agreement of deposit was excused from liability for negligence of its correspondents and as it appears to have acted with dispatch and due care itself, it was error to submit the issue of defendant's negligence to the jury.

It is unnecessary to pass on the other questions raised.

Judgment reversed, with costs, and complaint dismissed on the merits, with costs.

All concur; present, HAMMER, CALLAHAN and SHIENTAG, JJ.